UNITED HOLY CHURCH OF AMERICA, INC.,
NORTHWESTERN DISTRICT, Appellant,

v.

KINGDOM LIFE MINISTRIES, Appellee.

[Cite as *United Holy Church of Am., Inc. v. Kingdom Life
Ministries,* 165 Ohio App.3d 782, 2006-Ohio-708.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86418.

Decided Feb. 16, 2006.

James E. Roberts, David M. Moore, and Daniel P. Dascenzo, for appellant. Sharon A. Echols, for appellee.

JAMES J. SWEENEY, Judge.

{¶ 1} Plaintiff-appellant, United Holy Church of America, Inc., Northwestern District ("UHCA"), appeals the trial court's decision that dismissed its claims against defendant-appellee, Kingdom Life Ministries ("Kingdom"), for failure to supplement discovery responses. Kingdom has not responded on appeal. For the reasons that follow, we reverse the judgment and remand the cause for further proceedings.

{¶ 2} On March 8, 2004, UHCA commenced this action. On October 29, 2004, Kingdom filed a motion to compel UHCA to respond to discovery propounded upon it on June 9, 2004. Attached thereto was undated correspondence from defense counsel to UHCA's counsel concerning the outstanding discovery. In the motion to compel, defense counsel represented that she sent the letter "on or about October 6, 2004." On December 1, 2004, the trial court granted Kingdom's motion to compel. Therein, the trial court ordered UHCA to "comply with all outstanding discovery requests on or before 12/15/04 or sanctions including the possibility of dismissal may be imposed."

{¶ 3} On December 14, 2004, UHCA served its responses to the outstanding discovery. UHCA generally answered the discovery without objection but reserved the right to produce supplemental information as it became available. There is no indication of any correspondence or contact among the parties concerning UHCA's responses or any objection by Kingdom to them.[1] On March

---

1. Kingdom did move for and was granted an extension of the dispositive-motion deadline on the grounds that it was awaiting supplemental discovery.

11, 2005, Kingdom filed a motion to dismiss pursuant to Civ.R. 37(B)(2)(c). Despite UHCA's opposition, the trial court dismissed the action with prejudice.

{¶ 4} UHCA's sole assignment of error is as follows:

{¶ 5} "I. The trial court erred and abused its discretion when it dismissed appellant's verified complaint with prejudice."

{¶ 6} We review a trial court's order granting discovery sanctions under the abuse-of-discretion standard.

{¶ 7} Civ.R. 37(B)(2) provides "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * [a]n order * * * dismissing the action * * *." However, dismissal on the merits is a harsh remedy that should be imposed only when the actions of the defaulting party create a presumption of willfulness or bad faith. *Cuyahoga Metro. Hous. Auth. v. Watson Rice & Co.*, Cuyahoga App. Nos. 83230 and 83633, 2004-Ohio-6413, 2004 WL 2755806, ¶ 19, citing *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458–459, 6 OBR 496, 453 N.E.2d 700. Alternative available sanctions should be considered first. Id., citing *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 426 N.E.2d 187; accord *Coleman v. Cleveland School Dist.*, Cuyahoga App. Nos. 81674 and 81811, 2003-Ohio-880, 2003 WL 549981, quoting *Sazima v. Chalko*, 86 Ohio St.3d at 155, 712 N.E.2d 729 ("A dismissal on the merits is a harsh remedy requiring the due process guarantee of prior notice. The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default' ").[2]

{¶ 8} Here, UHCA attempted to comply with the trial court's order by responding to discovery by December 15. Although not complete, UHCA's discovery responses do not establish a willfulness or bad faith under the circumstances before us. UHCA made few objections and represented that it would provide supplemental responses. Although Kingdom may have disagreed, UHCA believed that it had complied with the trial court's order. "[O]nce plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not thereafter dismiss the action or claim on the basis of noncompliance with that order." *Sazima v. Chalko* (1999), 86 Ohio St.3d 151, 157, 712 N.E.2d 729.

---

**2.** "[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 488 N.E.2d 881.

{¶ 9} Kingdom did not file any subsequent motions to compel or otherwise contact or advise opposing counsel of any discovery dispute. There is no further order notifying UHCA that the trial court would consider dismissal if it did not provide supplemental responses. Nonetheless, the trial court dismissed the action with prejudice and there is no indication that the trial court considered any alternative sanctions.

{¶ 10} Further, Civ.R. 37(E) imposes the following conditions during discovery: "Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section."

{¶ 11} While we do not countenance dilatory or evasive discovery responses, the sanction of dismissal with prejudice in this case was too harsh.

{¶ 12} UHCA's sole assignment of error is sustained.

{¶ 13} The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

DYKE, A.J., and COONEY, J., concur.