JOURNAL ENTRY AND OPINION
{¶ 1} The estate of Julie M. Montilla appeals from the order of the trial court that granted summary judgment to Clareshire Court Condominium Owners' Association ("Clareshire Court") in Clareshire's action for foreclosure upon a certificate of lien for unpaid association fees. For the reasons set forth below, we reverse and remand for further proceedings.
 {¶ 2} On September 29, 2004, Clareshire Court filed a complaint against Montilla (and naming Third Federal Savings and Loan as mortgage holder) for foreclosure and marshaling of liens. In relevant part, Clareshire Court alleged that it had filed three liens against Montilla's parcel from 2001-2003, totaling approximately $1,500. Copies of each of the three certificates of lien were appended to the complaint.
 {¶ 3} In an amended complaint, Clareshire Court asserted that Montilla had failed to pay $3,424.77 as her reasonable share of common expenses. Clareshire Court sought this amount plus 8% interest per annum and the current monthly maintenance fee of $193.78 from the date of the lien forward, and that on August 2005, it filed a certificate of lien in this amount.
 {¶ 4} Montilla filed an answer in which she asserted that Clareshire Court had relied on erroneous accounting information and erroneous ledger tabulations and had failed to provide her with documentation. Montilla also asserted a counterclaim for $8,890.62 in overpayments, $7,000 for various accounting and bookkeeping *Page 2 
services, "financial," and punitive damages, and other sums, in addition to claims for violation of voting rights and intentional infliction of emotional distress. Montilla died during the pendency of this litigation and her estate was substituted as the defendant herein.
 {¶ 5} Clareshire Court moved for summary judgment and argued that Montilla did not suffer serious emotional distress in this matter. It also provided an affidavit from Raymond Ritter, President of Clareshire Court, who averred that a lien in the amount of $3,424.77 was filed in connection with Montilla's unpaid common expenses. Clareshire Court also argued that Montilla's allegations were insufficient to establish intentional infliction of emotional distress and that she did not suffer serious emotional distress in this matter. The motion did not specifically address Montilla's claim that the claimed debt was the result of erroneous accounting information and erroneous ledger tabulations.
 {¶ 6} Montilla subsequently died and her estate was substituted as a party. The estate filed a brief in opposition on December 22, 2006 in which it complained that Clareshire Court had not provided discovery, that the affidavit describing the certificate of lien was insufficient to establish the substance and validity of the alleged debt, and that the lien was "bogus and improper." The estate also asserted that "the conduct of kicking a person out of their own home upon a spurious lien constitutes extreme and outrageous conduct for purposes of the emotional distress *Page 3 
claim." Finally, the estate complained that the motion did not address remaining components of her counterclaim, including documented overpayments.
 {¶ 7} Thereafter, on March 19, 2007, the court noted that "there are no discovery issues" and that "the magistrate will rule on Plaintiff's motion for summary judgment no later than March 23, 2007." One month later, the magistrate hearing the matter recommended that the trial court enter summary judgment for Clareshire Court. The estate filed objections in which it asserted that the affidavit describing the certificate of lien was insufficient to establish the debt, and that Montilla had forwarded to Clareshire Court checks in the amount of $575 and $200 in June and July of 2002, which were never credited to her account. She further asserted that she was current in her account so the subsequent late fees and nonpayment fees were improperly charged to her and the matter should not proceed to foreclosure. To the contrary, according to the estate, Montilla had overpaid her association dues. The trial court overruled the estate's objections and entered judgment for Clareshire Court in the amount of $3,424.77.[1] The estate now appeals and assigns three errors for our review.
 {¶ 8} The estate's first assignment of error states: *Page 4 
 {¶ 9} "The trial court erred to the prejudice of Appellants by failing to dismiss Appellee's causes of action due to failure to respond to discovery requests for well over one (1) year."
 {¶ 10} We review a trial court's order granting discovery sanctions under the abuse of discretion standard. United Holy Church of Am., Inc.v. Kingdom Life Ministries, 165 Ohio App.3d 782, 2006-Ohio-708,848 N.E.2d 866, * * *.
 {¶ 11} Civ. R. 37(B)(2) states in part:
 {¶ 12} "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * an order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."
 {¶ 13} As noted in United Holy Church of Am., Inc. v. Kingdom LifeMinistries, supra:
 {¶ 14} "* * * dismissal on the merits is a harsh remedy, which should only be imposed when the actions of the defaulting party create a presumption of willfulness or bad faith. * * * Alternative sanctions available should be considered first. Id., citing Furcello v.Klammer (1980), 67 Ohio App.2d 156, 159, 426 N.E.2d 187; accordColeman v. Cleveland Sch. Dist., Cuyahoga App. Nos. 81674 81811, 2003-Ohio-880, quoting Sazima v. Chalko, 86 Ohio St.3d at 155,1999-Ohio-92, 712 N.E.2d 729 *Page 5 
(`[a] dismissal on the merits is a harsh remedy requiring the due process guarantee of prior notice. "The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default."')."
 {¶ 15} The record in this case demonstrates that in June 2005, the attorney for Clareshire Court sent Montilla an itemized statement from MultiVest Management, Inc. which detailed Montilla's accumulated charges for the period from July 1, 2003 to June 2005. Clareshire Court also sent Montilla an itemized statement from Render Management Group which itemized charges from June 1, 2001 to June 2003. On September 21, 2005, Montilla filed a motion for discovery and production of documents in which she sought a "full and complete itemized breakdown of all debt * * * pertaining to ALL current and previously filed liens."
 {¶ 16} In a Magistrate's Order dated August 1, 2006, Montilla's Motion for Discovery and Production of Documents was granted. Clareshire Court was given 30 days to respond to Montilla's request and also ordered to provide courtesy copies to the magistrate. On August 31, 2006, Clareshire Court filed a motion requiring Montilla to refile and reserve the discovery requests because Clareshire Court could not locate the original requests. The trial court granted this request and, on December 6, 2006, subsequently ordered that all discovery was to be complete by February 28, 2007, and all dispositive motions were to be filed by March 9, 2007. *Page 6 
On December 22, 2006, the estate filed a motion to dismiss in which it complained that it had not received discovery from Clareshire Court, but later, on March 19, 2007, the court noted that "there are no discovery issues" and that "the magistrate will rule on Plaintiff's motion for summary judgment no later than March 23, 2007."
 {¶ 17} On this record it is clear that, although it took an extremely long time for Clareshire Court to provide discovery, the trial court's March 19, 2007 journal entry noted that "there are no discovery issues" and that "the magistrate will rule on Plaintiff's motion for summary judgment no later than March 23, 2007." We are therefore unable to conclude that Clareshire Court disobeyed an order of the trial court and we find no abuse of discretion in connection with the trial court's refusal to dismiss this action pursuant to Civ. R. 37.
 {¶ 18} This assignment of error is without merit.
 {¶ 19} The estate's second and third assignments of error are interrelated and state:
 {¶ 20} "The trial court erred to the prejudice of Appellants by granting Appellee's Motion for Summary Judgment on all counts and claims."
 {¶ 21} "The trial court erred to the prejudice of Appellants by affirming the Magistrate's Decision."
 {¶ 22} Within these assignments of error, the estate asserts that Clareshire Court was not entitled to summary judgment because the certificates of lien were *Page 7 
"bogus, improper and unenforceable," and the affidavit describing the certificate of lien did not properly establish the amount due. The estate also asserts that there is a genuine issue of material fact as to the intentional infliction of emotional distress claim. The estate finally asserts that the magistrate made only a cursory review of the matter and ignored the pleadings and the estate's objections.
 {¶ 23} We review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.
 {¶ 24} A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 25} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the *Page 8 
trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 26} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ. R. 56(E); Harless v. Willis Day Warehousing Co., supra. Rather, Civ. R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall, supra. Summary judgment, if appropriate, shall be entered against the nonmoving party. Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
 {¶ 27} In this matter, a representative of Clareshire Court averred that the certificates of lien in the amount of $3,424.77 were filed.
 {¶ 28} Certificates of lien are governed by R.C. 5311.18, which provides in relevant part as follows:
 {¶ 29} "(A) (1) Unless otherwise provided by the declaration or the bylaws, the unit owners association has a lien upon the estate or interest of the owner in any unit and the appurtenant undivided interest in the common elements for the payment of any of the following expenses that are chargeable against the unit and that remain unpaid for ten days after any portion has become due and payable:
 {¶ 30} "(a) The portion of the common expenses chargeable against the unit; *Page 9 
 {¶ 31} "(b) Interest, administrative late fees, enforcement assessments, and collection costs, attorney's fees, and paralegal fees the association incurs if authorized by the declaration, the bylaws, or the rules of the unit owners association and if chargeable against the unit.
 {¶ 32} "(2) Unless otherwise provided by the declaration, the bylaws, or the rules of the unit owners association, the association shall credit payments made by a unit owner for the expenses described in divisions (A)(1)(a) and (b) of this section in the following order of priority:
 {¶ 33} "(a) First, to interest owed to the association;
 {¶ 34} "(b) Second, to administrative late fees owed to the association;
 {¶ 35} "(c) Third, to collection costs, attorney's fees, and paralegal fees incurred by the association;
 {¶ 36} "(d) Fourth, to the principal amounts the unit owner owes to the association for the common expenses or penalty assessments chargeable against the unit.
 {¶ 37} "(3) The lien described in division (A)(1) of this section is effective on the date that a certificate of lien in the form described in division (A)(3) of this section is filed for record in the office of the recorder of the county or counties in which the condominium property is situated pursuant to an authorization given by the board of directors of the unit owners association. * * * *Page 10 
 {¶ 38} "* * *
 {¶ 39} "(C) A unit owner who believes that the portion of the common expenses chargeable to the unit, for which the unit owners association files a certificate of lien pursuant to division (A) of this section, has been improperly charged may commence an action for the discharge of the lien in the court of common pleas of the county in which all or a part of the condominium property is situated. In the action, if it is finally determined that the portion of the common expenses was improperly charged to the unit owner or the unit, the court shall enter an order that it determines to be just, which may provide for a discharge of record of all or a portion of the lien."
 {¶ 40} In this matter, Clareshire Court presented evidence that it filed a lien in the amount of $3,424.77 pursuant to R.C. 5311.18 for Montilla's unpaid common expenses. Clareshire Court also averred that Montilla did not suffer serious emotional distress in this matter. Montilla's estate did not commence a separate action to discharge the lien, pursuant to R.C. 5311.18(C), but the estate clearly raised the issue of the propriety of the charges and the lien in the present case. In its brief in opposition to the motion for summary judgment, the estate disputed the amount of the lien, and also asserted a counterclaim seeking recovery for overpayment . The estate also asserted that "the conduct of kicking a person out of their own home upon a spurious lien constitutes extreme and outrageous conduct for purposes of the emotional distress claim." While there was no evidence to *Page 11 
demonstrate that Montilla suffered serious emotional distress in this matter, and this claim must therefore fail, cf. Pyle v. Pyle ( 1983),11 Ohio App.3d 31, 34, 463 N.E.2d 98, the record does contain genuine issues of material fact as to the amount of the lien and the overpayment claims. Finally, the estate complained that the motion did not address remaining components of her counterclaim, including documented overpayments. On this record, we find genuine issues of material fact as to the amounts which may be owed by Montilla and/or Clareshire Court in this matter. These genuine issues of fact were not resolved by the evidentiary materials submitted by Clareshire Court.
 {¶ 41} We therefore conclude that the trial court erred in entering summary judgment for Clareshire Court.
 {¶ 42} The second and third assignments of error are well-taken.
 {¶ 43} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
KENNETH A. ROCCO, P.J., CONCURS.
CHRISTINE T. MCMONAGLE, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION).
[1] The judgment entry misidentified the defendant as Julia Montilla rather than her estate which had been substituted. *Page 13