[Cite as *Clareshire Court Condominium Unit Owners' Assn. v. Montilla*, 2013-Ohio-3911.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97024**

# CLARESHIRE COURT CONDOMINIUM UNIT OWNERS' ASSOCIATION

PLAINTIFF-APPELLEE

vs.

# JULIE M. MONTILLA, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-544136

**BEFORE:** E.A. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**FOR APPELLANT**

Richard A. Medlar, pro se
24625 Clareshire Ct. #103
North Olmsted, OH 44070

**ATTORNEYS FOR APPELLEES**

**Clareshire Court Condominium
Unit Owners' Association**

Dean W. Kanellis
Leonard A. Cuilli
Keith D. Weiner & Associates Co.
75 Public Square, 4th Floor
Cleveland, OH 44113

**Third Federal Savings and Loan
Association**

Bryan F. Hegyes
Jones & Hegyes Co., L.P.A.
38040 Euclid Avenue
Willoughby, OH 44094

EILEEN A. GALLAGHER, J.:

**{¶1}** Richard A. Medlar appeals from the decision of the trial court granting summary judgment in favor of the Clareshire Court Condominium Unit Owners' Association. For the reasons enunciated below, the within appeal is hereby dismissed.

**{¶2}** Clareshire Court filed a complaint against Julie M. Montilla and Third Federal Savings and Loan seeking to foreclose on three certificates of lien for unpaid common expenses. Montilla filed an answer disputing the alleged expenses and fees and asserted a variety of counterclaims, including intentional infliction of emotional distress. Montilla died during the pendency of the proceedings and the trial court, upon motion of the defendant, substituted her estate as the defendant herein.

**{¶3}** Clareshire Court moved for summary judgment, the estate responded and the trial court found in favor of Clareshire Court. The estate filed a notice of appeal from the first judgment, *Clareshire Court Condo. Unit Owners v. Montilla,* 8th Dist. Cuyahoga No. 90461, 2008-Ohio-4242. This court determined that the trial court did not err in ruling on the parties' discovery dispute and that there was no evidence demonstrating Montilla's intentional infliction of emotional distress claim. However, this court held that genuine issues of material fact remained as to the amount owed by Montilla and/or Clareshire Court. The court reversed and remanded the matter for further proceedings.

{¶4} Proceedings resumed at the trial court. However, on the day of the scheduled trial, the court stayed the proceedings because of the Chapter 7 Bankruptcy filing of Richard A. Medlar, fiduciary for the estate of Montilla. We acknowledge that the court's journal entry of April 21, 2009 denotes Medlar as a defendant, however, this is incorrect. Medlar never intervened as a party and was, therefore, not a defendant in the within matter. He was appointed a fiduciary through the Cuyahoga County Probate Court in November, 2006. The court reinstated the case once Medlar's bankruptcy petition was dismissed and Medlar began filing documents as fiduciary of the estate.

{¶5} Clareshire Court filed a second motion for summary judgment, which Medlar, "the Fiduciary of the Estate" opposed. The magistrate hearing the instant matter filed a recommendation that summary judgment be entered in favor of Clareshire Court on the claims set forth in the amended complaint and to Clareshire Court on the counterclaim of the estate. Medlar, this time styling himself as "the property owner" and as fiduciary for the estate, filed objections to the magistrate's decision.[1] The trial court overruled Medlar's objections, adopted the magistrate's decision and entered judgment in favor of Clareshire Court.

{¶6} Medlar appealed, raising the following three assignments of error:

The trial court erred to the prejudice of Appellants by failing to dismiss Appellee's causes of action due to failure to respond to discovery requests

---

[1]There is no evidence before this court that Richard Medlar is owner of any property, let alone the real property at issue in this case.

for well over one (1) year.

The trial court erred to the prejudice of Appellants by granting Appellee's Motion for Summary Judgment on all counts and claims.

The trial court erred to the prejudice of Appellants by affirming the Magistrate's Decision.

{¶7} Prior to addressing the merits of the instant appeal, this court will again note that Medlar never intervened as a party to the action and that he brought the appeal pro se as fiduciary of the estate. Thus, this court issued a sua sponte order requiring Medlar to show cause why this case should not be dismissed for lack of standing and/or for the unauthorized practice of law. This court removed the case from the active docket pending the outcome of the motion. Medlar responded, arguing that he had standing to bring the appeal, and as the "Widower of the Defendant, Estate Heir, Property Owner and Party of Interest" he was not engaging in the unauthorized practice of law.[2]

{¶8} We disagree with Medlar's arguments and for the reasons that follow, dismiss the instant appeal.

{¶9} As noted above, Medlar did not file a motion to intervene in accordance with Civ.R. 24(C). In *State ex rel. Jones v. Wilson*, 48 Ohio St.2d 349, 358 N.E.2d 605

---

[2]Again, there is nothing before this court that demonstrates that Richard Medlar is the surviving spouse or estate heir. We only have evidence that letters testamentary were issued by the probate court to Mr. Medlar as "fiduciary."

(1976) and *State ex rel. Lipson v. Hunter*, 2 Ohio St.2d 225, 208 N.E.2d 133 (1965), the Ohio Supreme Court held that a person who is not a party to an action and has not attempted to intervene as a party is without capacity to appeal. Further, in *In re McAuley*, 63 Ohio App.2d 5, 408 N.E.2d 697 (8th Dist.1979), this court noted that merely being allowed to appear in an action and to submit a brief in the trial court does not make the real party in interest a party in the proceedings. To become a party in the proceedings, the real party in interest must file a Civ.R. 24 motion to intervene. *Id*.

{¶10} Although Medlar filed motions with the trial court, he never moved the court to intervene pursuant to Civ.R. 24. Thus, under the circumstances, we find that Medlar has no capacity to appeal.

{¶11} Further, the instant appeal was not filed by Medlar as a pro se litigant or with the assistance of legal counsel licensed to practice law within the state of Ohio. To the contrary, this appeal was filed by "Richard A. Medlar, the Fiduciary for the Estate of Julie M. Montilla." Medlar acknowledges that he is not a licensed member of the bar within the state of Ohio.

{¶12} The practice of law includes "the preparation of pleadings and other papers incident to action and special proceedings and the management of such actions and proceedings * * * before judges and courts." *Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 157, 2000-Ohio-288, 724 N.E.2d 402. The preparation and filing of an appeal, which necessarily includes an analysis of the case for appealable issues on behalf

of the estate, constitutes the practice of law and the rendering of legal services.

**{¶13}** R.C. 4705.01 defines the unauthorized practice of law as follows:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the Supreme Court, admission to the bar shall entitle the person to practice before any court or administrative tribunal without further qualification or license.

**{¶14}** In *In re Jerdine*, 8th Dist. Cuyahoga No. 91172, 2008-Ohio-1928, this court noted that it "possesse[d] the ethical duty to prevent the unauthorized practice of law" and, after concluding that the relator was not registered to practice law within the state of Ohio, dismissed his complaint for a writ of mandamus as the unauthorized practice of law.

**{¶15}** Medlar, a nonattorney, filed the instant appeal as the fiduciary for an estate without the assistance of counsel. This act constitutes the unauthorized practice of law and mandates that we dismiss the action. *See Jerdine*; *State ex rel. Jenkins v. McFaul*, 8th Dist. Cuyahoga No. 74074, 1998 Ohio App. LEXIS 1732 (Apr. 23, 1998).

**{¶16}** This appeal is hereby dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR