WARD, APPELLEE, *v.* HESTER ET AL., APPELLEES; CONTINENTAL CASUALTY CO., APPELLANT.

(No. 1-72-2—Decided October 25, 1972.)

*Messrs. Cory, Boesel, Leonard & Witter* and *Messrs. McNeal, Schick, Archibald & Carlson,* for appellant.
*Messrs. Navarre, Rizor & DaPore,* for appellee.

GUERNSEY, J. The action from which this appeal is taken originated in the Common Pleas Court of Allen County on June 13, 1967, as an action for damages for plaintiff's personal injuries alleged to have been caused by the negligence of defendant Hester while operating his car in Allen County at about 1:10 a. m. on December 13, 1966.

On September 4, 1968, an amended petition was filed making as party defendants, Continental Casualty Company, which we shall hereafter refer to as the company, and alleging that at all times involved Hester was the agent of the company acting within the scope of his authority. Issues were joined on this amended petition and on or about November 16, 1970, the case was assigned for trial to commence on Monday, April 5, 1971.

On November 17, 1970, acting pursuant to Civil Rule 34, the plaintiff filed and served on the company a request that it produce on December 21, 1970, for inspection and copying, some eleven described documents or groups of documents alleged to be in its possession.

The company having made no response to the request,

the plaintiff, acting under Civil Rules 34 and 37, on January 8, 1971, filed and served on the company a motion for an order directed to the company to compel inspection of the documents. This motion was heard by the trial court on January 13, 1971, and on January 25, 1971, it entered its order that the company "produce all documents requested by the plaintiff on or about the 15th day of February, 1971."

The company not having complied with the order of January 25, 1971, on February 16, 1971, the plaintiff filed and served on the company a motion to impose sanctions on the company under Civil Rule 37(B)(2)(a) and (b) for its failure to comply with the court's order compelling discovery, asking that an order be made that all matters regarding the issue of agency and scope of employment be taken as established or that an order be made refusing to allow the company to oppose plaintiff's claim of agency and scope of employment and prohibiting it from introducing evidence pertaining to such matters. This motion was heard by the trial court on February 22, 1971, the company appearing by counsel and by lay representative and the plaintiff appearing by counsel. On the same date the court entered its order finding that the company "has failed to comply with the former order of this court" and ordering that "the matters regarding the issue of agency and scope of employment contained in plaintiff's amended petition be and hereby are established for the purpose of this action in accordance with the claim made by the plaintiff."

On March 5, 1971, the company filed a motion for a rehearing and for an order relieving it from the sanctions imposed in the court's order of February 22nd. In an accompanying memorandum the company asserted that through prior discovery procedures plaintiff had obtained part of the information which he sought in his request for inspection and that the company "now stands ready to provide, to the extent that it is capable of doing so, the remaining information requested by the plaintiff herein." This motion was overruled by the trial court on March 31, 1971. Meanwhile, the company attempted an appeal from

the order imposing sanctions which was dismissed as not being from an appealable order, and sought other relief in the higher courts without avail.

The trial of the action commenced as scheduled on April 5, 1971, the court would not permit the company to defend on the issues of whether Hester was an agent of the company acting within the scope of his employment at the time of the collision resulting in plaintiff's injury. The jury returned a substantial verdict in favor of plaintiff upon which judgment was entered. The company now appeals from that judgment assigning as error:

"1. The court erred in permitting a motion picture made of the plaintiff-appellee characterized as "A Day in the Life of Norman Ward" to be shown to the jury, together with allowing the plaintiff-appellee to describe his activities in the film as it was shown to the jury.

"2. The court abused its discretion and erred in imposing drastic and unjust sanctions upon the defendant-appellant, Continental Casualty Company, under authority of Civil Rule 37(B)(2)(a) and (2)(b), preventing said defendant-appellant from proving the defendant, William L. Hester, was not an agent of the Continental Casualty Company, acting within the scope of his employment when a motor vehicular accident occurred, thereby depriving said defendant-appellant of a hearing on the merits of its cause, contrary to the constitutions of the United States and Ohio."

The gravamen of appellant's argument of its first assignment of error is that since testimony was fully adduced as to the character and scope of plaintiff's injuries the use of the motion picture served only to emphasize and to re-enact for the jury in a cumulative manner all of the testimony previously given, and thus served only to excite and arouse the passions and prejudices of the jury.

None of appellant company's arguments under this assignment of error are directed to or bear in any manner on the issue of liability but relate only to the character and scope of plaintiff's injuries, specifically to the issue of damages. As there is no claim or showing by appellant

that the verdict was excessive we fail to see, if the admission of the moving picture and the comment thereon were error, how the appellant was prejudiced. We hold that it was not.

Proceeding then to the second assignment of error we note the following relevant provisions of Civil Rule 37:

"(B) Failure to comply with order.

"* * *

"(2) If any party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"* * * * "

It will be observed that the trial court's sanction order came within the literal terms of the quoted rule. The company's argument, however, is that by not being heard by a jury on the issues of agency and scope of employment it was denied its day in court, deprived of its property without due process of law, and deprived of its right to trial by jury. It also argues that the sanctions contemplated by Rule 37 must be just, that courts should make the punishment fit the crime and should not impose a drastic sanction that will prevent adjudication of a case on its merits except on the clearest showing that this course is required, and that an appellate court would be remiss in its duties if it chose only to rubber stamp sanctions such as here imposed. Finally, it argues that the documents sought through the discovery process related only to the issue of agency and not to the issue of scope of employment and that if it could be determined that the trial court could impose the sanction of eliminating the issue of agency it still could

not properly impose a sanction eliminating the issue of scope of employment.

The leading case dealing with sanctions under Rule 37 of the Federal Rules of Civil Procedure, and by analogy under the similar provisions of Civil Rule 37, is *Societe Internationale Pour Participations Industrielles* v. *Rogers, Attorney General*, 357 U. S. 197, 78 S. Ct. 1087, involving the dismissal with prejudice of a complaint in a civil action as to a plaintiff that had failed to comply with a pretrial production order. The United States Supreme Court held that it would be a denial of due process for a court to dismiss a complaint because of petitioner's noncompliance with a discovery order *when it has been established that failure to comply has been due to inability* and not to willfulness, bad faith, or any fault of petitioner. The Supreme Court cited the earlier cases of *Hovey* v. *Elliott*, 167 U. S. 409, 17 S. Ct. 841, and *Hammond Packing Co.* v. *State of Arkansas*, 212 U. S. 322, 29 S. Ct. 370, and determined by way of *obiter dictum* and implication that dismissal, where the failure to comply has been due to willfulness, bad faith, or any fault of the person whose compliance was required, would not be a denial of due process. Sanction orders are long established in our jurisprudence and there seems to be no sound reason that we can fathom to determine that an order made for any of these latter reasons, and not made in the face of proof of inability to comply, should be unconstitutional in any of the respects asserted by defendant company. Discovery, as well as being a means of reducing the difficulties of obtaining evidence, is part of the process of narrowing the issues for trial, with full protection given to the party against whom discovery is sought to have his day in court by applying for a protective order under Rule 26(C), or in resisting a motion for an order compelling discovery under Rule 37(A), or in resisting the imposition of sanctions under Rule 37(B). If the party against whom discovery is sought has not sought a protective order, has not brought forth proper reasons for the denial of an order compelling discovery, or has not shown proper reasons why sanctions should not be imposed he has

effectively waived his right to assert the issues which the court's sanctions deprive him from asserting and he has not been deprived of any further constitutional due process or right of trial by jury any more than he would have been so deprived had he failed to file an answer to the plaintiff's complaint, or in some other manner had failed to join issue.

The burden is on the party failing to comply with an order for discovery to explain his failure. 27 Corpus Juris Secundum 271, Discovery, Section 86. On appeal the burden is upon the appellant to affirmatively show the intervention of error which has been prejudicial to the appellant's rights. In similar reference judgments and orders of courts of general jurisdiction are presumed to have validity unless the record reveals to the contrary. The record before us shows that the trial court had a hearing on January 13, 1971, resulting in the order of January 25, 1971, compelling discovery. Likewise a hearing was held on February 22, 1971, on the motion to impose sanctions, which resulted in the order of the same date imposing sanctions. The record does not show whether counsel for the company appeared at the former of these hearings but it shows that counsel for the company did appear at the latter hearing. For some reason unknown to this court the company has not chosen to include in our record a transcript of either the hearing of January 13, 1971, or the hearing of February 22, 1971. If any explanation or excuse for not supplying the documents sought by plaintiff was offered at either of these hearings such explanation or excuse is not before us. If it is necessary, as some of the cases seem to hold and as appears by way of *obiter dictum* in *Societe Internationale Pour Participations Industrielles* v. *Rogers, Attorney General, supra,* that before a sanction of dismissal or a sanction eliminating crucial issues be imposed, it must be shown that the failure to comply with a discovery order has been due to willfulness, bad faith, or fault of the person whose compliance is required, we may presume from the court's orders that such showing was made by the plaintiff and that the company failed to offer any explanation

or excuse at either of these hearings to counter such presumption.

The company has tendered to the court a transcript of a so-called pretrial conference or hearing held on March 17, 1971, which was inadvertently omitted from the record filed in this court by oversight of the court stenographer. Among other things before the trial court at such time was a motion for rehearing of the sanction order. Although solely because of the oversight of the stenographer we have now ordered this transcript to be filed as a part of the record of this appeal we are of the opinion that whatever it contains is matter ex post facto in relationship to the issue of the propriety of the sanctions. Moreover, examination of the transcript shows again that no explanation or excuse was offered by the company at that time for its previous failure to comply with the discovery order. It was then and is now claimed that the fact that the plaintiff had obtained some of the documents from other sources absolves the company from any requirement for furnishing same. Such might have been the case had the company made such claim at an earlier hearing but it does not appear that the company did so. Neither does it appear that the plaintiff was able to obtain the documents at a time which would give the plaintiff adequate time to prepare his case. A party should not be absolved from a duty of turning over documents for inspection by forcing an opposing party to use his resources to obtain the same documents from others.

We conclude that the appellant company has failed to show that the trial court lacked authority to impose sanctions. The appellant then contends that the documents sought to be inspected by the plaintiff related only to the issue of agency and not to the issue of scope of employment and that the trial court exceeded its authority in imposing a sanction as to the latter even though it might have imposed a sanction as to the former.

We find in Rule 37(B) nothing limiting the scope of sanctions solely to the issue to which the matter to be discovered relates. Subdivisions 2(a), 2(b) and 2(c) thereof

provide, in each case, for sanctions beyond such issues including the ultimate sanctions of dismissal of the action or default judgment. Moreover, although agency might be determined as a fact without any determination of scope of employment the reverse is not usually true, as scope of employment depends largely on the fact and character of the agency.

The ultimate issue is neither agency or scope of employment but the issue of *respondeat superior*, *i. e.*, whether the master is required to answer for the act of the servant. In order to obligate a master to respond in damages for the negligence of a servant it is necessary not only that the servant be acting within the scope of his employment but the master must have the power to control and direct the conduct of the servant. *Rogers* v. *Allis-Chalmers Mfg. Co.*, 153 Ohio St. 513, 526. In *Tarlecka* v. *Morgan*, 125 Ohio St. 319, 324, Chief Justice Marshall said:

"* * * 'Scope of the employment' has never been accurately defined, although many attempts have been made. It cannot be accurately defined, because it is a question of fact and each case is *sui generis*. The act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it. * * *"

Very simply, the issue of *respondeat superior* is determined by deciding whether the employee was acting as his master's agent in performing the act which produced the injury. We must conclude that the issues of agency and scope of employment, if separate issues at all, are so intertwined that documents which tend to prove the former necessarily tend to prove the latter and that sanctions purporting to eliminate both of these issues from the trial of a cause are well within the scope of the sanctions specifically permitted by Civil Rule 37(B)(2)(a) and (b). Being specifically permitted by the rule they must be presumed to be just and that the trial court did not abuse its discretion in the absence of a showing to the contrary.

130

Having found no error prejudicial to the appellant company the judgment of the trial court must be affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and POTTER, J., concur.

POTTER, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.