FURCELLO, APPELLANT, *v.* KLAMMER, APPELLEE.

[Cite as Furcello v. Klammer (1980), 67 Ohio App. 2d 156.]

(No. 39949—Decided February 7, 1980.)

*Mr. Frank Furcello, pro se.*
*Mr. James J. Dyson,* for appellee.

PATTON, J.  Plaintiff-appellant filed an action against defendant-appellee for legal malpractice. Defendant failed to make any appearance in the case, and plaintiff was granted a default judgment. Defendant filed a motion to vacate the default judgment against him. Defendant's motion was granted. The judgment was vacated, and an answer was filed by defendant.

Defendant's attorney served notice upon plaintiff that he intended to take plaintiff's deposition. Plaintiff did not appear at the stated time and place for the deposition. Defendant filed a motion to dismiss the action based upon plaintiff's failure to appear. Plaintiff contested defendant's motion.[1] The trial court treated defendant's motion as a motion to compel discovery, instead of a motion to dismiss, and ordered plaintiff to allow defendant to take plaintiff's deposition. The court, however, sent the parties a notice which stated that the court had ruled on defendant's motion for *dismissal* and that the motion was granted. Plaintiff assumed that the case had been dismissed.

Defendant notified plaintiff again of his intent to depose plaintiff. Plaintiff, believing that the case had been dismissed, disregarded the notice. Defendant filed a motion to dismiss the action based upon Civ. R. 37(D) (failure to appear for the deposition). Plaintiff, now aware that the case was still pending, opposed the motion. Plaintiff informed the trial court of the misunderstanding and argued that the case should not be dismissed.

The trial court dismissed the action. Plaintiff appeals, submitting four assignments of error. These errors will be treated together, as they raise only one issue: Whether the trial court erred in dismissing the case due to plaintiff's failure to appear at the second scheduled deposition.

Civ. R. 37(D) gives the court the authority to dismiss a case when a party has failed to appear at a deposition.[2] In addi-

---

[1] Plaintiff claimed that defendant had not complied with Civ. R. 30(A) and (B) in issuing his first notice to take plaintiff's deposition.

[2] Civ. R. 37(D) provides, in pertinent part, as follows:

"If a party or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a

tion, Civ. R. 37(B)(2)(c) grants the court power to dismiss when a party has failed to comply with a discovery order of the court.[3] In the instant case, either section could apply.

A sanction imposed by the court as a result of a party's failure to abide by the discovery rules is within the discretion of the court and will generally not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction is not just. *Ward* v. *Hester* (1972), 32 Ohio App. 2d 121, affirmed (1973), 36 Ohio St. 2d 38.

In *Ward,* the appellant had failed to comply with an order of the court compelling discovery. The court granted plaintiff's motion for sanctions pursuant to Civ. R. 37(B)(2). On appeal, the Court of Appeals and the Supreme Court held that the trial court had not abused its discretion in imposing the sanctions, since the appellant had failed to offer any timely explanation for its failure to comply with the discovery order.

The instant case is readily distinguishable from *Ward.* Plaintiff, herein, timely filed a motion in opposition to defendant's motion to dismiss. Plaintiff, a layman representing himself, informed the court of his reasons for not appearing at the second deposition. Plaintiff stated that he had received the notice informing him that the case was already dismissed (and he attached a copy of the notice to his motion). The initial fault was on the part of the court, for it caused an improper notice to be sent to plaintiff. In our view, it was not unreasonable for the plaintiff in this case to rely on the accuracy of this notice without checking further with the docket.

---

request for inspection submitted under Rule 34, after proper service of the request, *the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule.*\*\*\*" (Emphasis added.)

Civ. R. 37(B)(2)(c) authorizes dismissal. See fn. 3, *infra.*

[3] Civ. R. 37(B) provides, in part, as follows:

"(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"\*\*\*

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party[.]" (Emphasis added.)

Dismissal is a drastic remedy. Some federal courts, in construing Fed. R. Civ. P. 37,[4] have held that dismissal should be used as a discovery sanction only in extreme cases. See *Griffin* v. *Aluminum Co. of America* (C.A. 5, 1977), 564 F. 2d 1171, 1172. Federal courts have generally required a finding of willfulness, bad faith or fault in order to dismiss a case when a party fails to abide by a discovery order. See *In re Professional Hockey Antitrust Litigation* (C.A. 3, 1976), 531 F. 2d 1188, 1193, reversed on other grounds in *National Hockey League* v. *Metropolitan Hockey Club, Inc.* (1976), 427 U. S. 639, rehearing denied (1976), 429 U. S. 874. We concur with this standard.

In the instant case, the drastic remedy of dismissal was not warranted. There is nothing in the record to indicate that the plaintiff willfully failed to comply with the discovery order or that he acted in bad faith. Furthermore, the record indicates that plaintiff was not at fault. If fault is to be found, it was in the court's notice that the case had been dismissed when, in fact, it had not.

A trial court should consider the alternative sanctions available when a party fails to properly abide by the discovery rules. *Griffin, supra,* at pages 1172-73. The trial court, having been informed of the circumstances, could have ordered plaintiff to appear for a deposition at a stated date, or it could have stayed the proceedings until defendant deposed plaintiff. See Civ. R. 37(B)(2)(c).

The trial court abused its discretion in dismissing this case pursuant to Civ. R. 37. The judgment of the Court of Common Pleas of Cuyahoga County is, therefore, reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

KRENZLER, P. J., and DAY, J., concur.

---

[4] Fed. R. Civ. P. 37(b)(2) and (d) are, except for headings and subsection references, nearly identical to Civ. R. 37(B)(2) and (D). See footnotes 2 and 3, *supra.*