OPINION
{¶ 1} Appellants Fred and Sheryl Monigold appeal the decision of the Columbiana County Court of Common Pleas to dismiss Appellants' complaint as a sanction for discovery violations. Although dismissal is an extremely harsh sanction for discovery violations, it is permitted under Civ. R. 37(B)(2)(c). The record in this matter is replete with admitted failures to comply with discovery on the part of Appellants and their counsel. Based on this record, the sanction of dismissal was appropriate in this case and the judgment of the trial court is affirmed.
 BACKGROUND OF THE CASE {¶ 2} On July 17, 2006, Appellants filed a negligence complaint against Appellee, alleging that Appellee owned a gas station near Appellants' home in Salineville, Ohio, and that gasoline from Appellee's underground storage tank leaked onto their property. Appellants included a claim for punitive damages but no monetary demand.
 {¶ 3} On November 3, 2006, Appellants filed a motion for default judgment, which was granted on November 6, 2006.
 {¶ 4} Appellee filed a Civ. R. 60(B) motion to set aside the judgment on November 17, 2006, which was granted.
 {¶ 5} Appellee filed an answer to the complaint on March 3, 2007. Discovery requests were delivered on March 10, 2007. After receiving no response, Appellee filed a motion to compel discovery on May 9, 2007. The court sustained Appellee's motion to compel on May 14, 2007, ordering Appellants to produce the documents, answer the interrogatories and provide the written statement of the amount of *Page 2 
recovery within 10 days. This order noted that dismissal of the case was a possible penalty for violation of the order.
 {¶ 6} The trial court also filed a discovery order on May 14, 2007, which set trial for November 27, 2007.
 {¶ 7} On June 4, 2007, Appellee filed a motion to dismiss based on lack of discovery. The motion was filed pursuant to Civ. R. 37(B)(2)(c), which states:
 {¶ 8} "(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 9} "* * *
 {¶ 10} "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]"
 {¶ 11} Appellee's motion set out the procedural history of the matter. In this motion, Appellee stated that the instant lawsuit was first filed on May 12, 2005, but was voluntarily dismissed on July 17, 2006, and then refiled the same day. The motion recounted the many attempts that had been made to obtain discovery from Appellants, all to no avail. In the motion it was noted that the actual litigation, originating with the filing of the previously dismissed lawsuit, had been going on for over two years. Appellants had provided no meaningful discovery in all that time. *Page 3 
After two years of litigation, Appellants had not even informed Appellee of the amount they were attempting to recover in this lawsuit. Appellee asked for the lawsuit to be dismissed.
 {¶ 12} On June 15, 2007, Appellee filed a follow-up memo indicating that Appellants' counsel had promised on June 6th to supply all the aforementioned discovery "right away," but that no discovery had been provided and Appellants' counsel had made no further contact with Appellee.
 {¶ 13} On June 22, 2007, Appellants' counsel filed a notice of submission with the court, in which counsel stated that he had, that day, supplied the requested discovery documents.
 {¶ 14} On June 25, 2007, Appellants filed a motion in opposition to dismissal.
 {¶ 15} On June 29, 2007, Appellee filed a motion for extension of time to respond to Appellants' motion. Appellee's counsel had apparently looked at the court's electronic docket and was put on notice that Appellants filed a motion in opposition to dismissal, but stated that this motion was never delivered to either counsel for Appellee.
 {¶ 16} As a follow up to their motion for extension, on July 3, 2007, Appellee's counsel filed a motion to strike Appellants' motion in opposition to dismissal because it was never served on either of Appellee's counsel, even after four separate written requests were sent to Appellants' counsel requesting that he deliver copies of the motion. *Page 4 
 {¶ 17} On July 5, 2007, Appellee filed a second supplemental memo stating that Appellants' counsel still had not obeyed the court's order regarding discovery, had not answered all the interrogatories, had not produced most of the documents demanded in discovery, and had not provided a written statement of the amount of requested recovery. Appellee noted that counsel did deliver a small packet of documents with unsworn and incomplete answers to interrogatories. This packet did not include any production of documents that had been earlier demanded and ordered, had no information as to any expert witnesses, contained no medical diagnosis or treatment reports, no itemization of alleged property or bodily injury damages, and no identification of any of the documents that were in the packet. Appellee also noted that another packet had been delivered on June 26, 2007, and that this supplemental packet also failed to conform to the discovery order. Additionally, all but one of the documents in the packet were dated on or before 2005, thus, Appellee could not understand why these documents were not supplied earlier. Appellee noted that there was also a purported one-page "expert" witness report that failed to state the expert's qualifications, provided no scientific findings or conclusions, used hearsay and speculation as the basis of its analysis, made no mention of proximate cause, and concluded that there was no soil contamination on Appellants' property.
 {¶ 18} On September 24, 2007, Appellee filed another supplement to his previous motions. Appellee indicated that Appellants' counsel still had not delivered *Page 5 
a copy of the June 25, 2007, response in opposition to the motion to dismiss, despite Appellee's five written requests over a period of 91 days.
 {¶ 19} The court held a hearing on Appellee's motions on September 24, 2007. Appellee's counsel recounted the many failed attempts at discovery, the complete lack of communication from Appellants, and the various orders of the court and Appellants' decision to ignore those orders. Appellee indicated that, after all the requests and demands, he still did not have any interrogatory responses from Mrs. Monigold (one of the two plaintiffs in this case). Appellee's attorneys indicated that they were at a complete loss on how to proceed to defend a case with no meaningful discovery and with no idea how much Appellants were even demanding in recovery. Appellee's counsel stated that they still did not have a copy of Appellants' response in opposition to the motion to dismiss. Counsel noted that they were aware that opposing counsel had a death in the family on or about June 6, 2007, but they argued that such an excuse could not explain more than a few days of the delay. Regarding the documents that were provided, Appellee's counsel argued that Appellants were guilty of bad faith in taking over two years (including the period covered by the first lawsuit) to deliver documents that were all available in 2005 or earlier, some even going back to 2002. Finally, Attorney Craig Conley, one of Appellee's two attorneys, stated that he had not been included on the certificate of service of most documents filed by Appellants, even though he filed a proper notice of appearance on December 6, 2006, and is an attorney of record in this case. *Page 6 
 {¶ 20} Appellants' counsel admitted he had significantly delayed his responses to the many discovery requests and orders, but he insisted that every document available to him had been delivered. He said that he did not have a copy of his own response in opposition to Appellee's motion to dismiss. He claimed that his expert witness was supposed to file a supplemental report "soon." He admitted that the discovery errors were due to his neglect and negligence. He stated that he was prepared to go to trial on the scheduled trial date with what had been produced so far. He asked the court to personally fine him as a sanction and not to dismiss the case.
 {¶ 21} On October 4, 2007, Appellee filed another notice with the court stating that Appellants' supplemental expert report had not been delivered.
 {¶ 22} On October 11, 2007, the trial court filed its judgment entry sustaining both the motion to dismiss and the motion to strike Appellants' response. The court found that, under the totality of circumstances, Appellants acted in bad faith and dismissal was appropriate.
 {¶ 23} This timely appeal was filed on November 2, 2007.
 ASSIGNMENT OF ERROR {¶ 24} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANTS' COMPLAINT FOR DISCOVERY VIOLATIONS, AND FINDING BAD FAITH ON THE PART OF THE APPELLANTS AND THEIR LEGAL COUNSEL, WHEN THERE EXISTED LESS DRASTIC REMEDIES AVAILABLE TO *Page 7 
THE COURT AND NO EVIDENCE WAS PRESENTED TO SUPPORT THE BAD FAITH FINDING."
 {¶ 25} Discovery sanctions are reviewed for abuse of discretion on the part of the trial court. "When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ. R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just."Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A. (1994),92 Ohio App.3d 823, 832, 637 N.E.2d 355.
 {¶ 26} One of the possible sanctions for discovery violations is dismissal of the lawsuit. Civ. R. 37(B)(2)(c). Dismissal is a drastic sanction that should be imposed only as a last resort. Furcello v.Klammer (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 426 N.E.2d 187. It is an abuse of discretion to dismiss a case due to discovery violations unless there has been a showing of willfulness, bad faith, or fault. Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458, 453 N.E.2d 700;Societe Internationale v. Rogers (1958), 357 U.S. 197, 212,78 S.Ct. 1087, 2 L.Ed.2d 1255.
 {¶ 27} "Where the record does not indicate that failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action pursuant to Civ. R. 37(B)(2)(c)." Aydin Co. Exchange, Inc. v. MailingRealty (1997), 118 Ohio App.3d 274, 279, 692 N.E.2d 662. *Page 8 
 {¶ 28} Bad faith has been defined as, "`* * * a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315, quoting Slater v. Motorists Mut. Ins. Co. (1962), 174 Ohio St. 148,187 N.E.2d 45, paragraph two of the syllabus.
 {¶ 29} In ruling on discovery violations and sanctions, the trial court should examine such factors as, "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate."Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 178,521 N.E.2d 1116.
 {¶ 30} Appellants argue that there can be no rationale for dismissing this case as a discovery sanction without a finding of bad faith, and they contend that there is no evidence of bad faith in this case. Appellants are mistaken, because this record contains several indicators of bad faith. The record shows that Appellants failed to provide any meaningful discovery during the first filing of this case. The case was voluntarily dismissed at the time it was set for trial, then refiled the same day. Appellee presented his first discovery request in the refiled case soon after filing his answer, and no discovery was provided despite two court orders, numerous phone calls, faxes, written requests, motions, and personal pleas from both of Appellee's *Page 9 
attorneys. Appellants' counsel filed documents certifying that he had sent information to opposing counsel, while it is clear from the record that he had not done so, or had not provided complete information. Appellants' counsel filed a notice of submission, certifying that he had complied with the discovery order, when in fact he had barely provided any discovery. Appellants' counsel had no explanations for his various failures to respond to court orders, except to say that during a few days in June, 2007, he was dealing with a personal matter. Appellants' counsel freely admitted that he simply failed to respond to Appellee's repeated requests, and that he was not planning to provide any more discovery because he had sent everything requested. It is impossible to believe, however, that one month away from trial Appellants had no more information than that incompletely divulged to Appellee, especially since Appellants' counsel insisted he was prepared for trial.
 {¶ 31} One could easily interpret the evidence of record and conclude that Appellants' counsel willfully refused to send documents he had in his possession or could easily produce; that he attempted to deceive the court by certifying that certain documents had been delivered when they had not; and that he disingenuously took responsibility for his own negligence while continuing to refuse to comply with discovery even after the hearing on the motion to dismiss was over. All of these actions or lack of action fit the definition of bad faith.
 {¶ 32} Appellants argue that they should have been given a second chance to correct any discovery errors prior to dismissal of the case. The record indicates that Appellants were given many such chances in this case. Appellants could have *Page 10 
complied with the original discovery request on March 10, 2007. They could have heeded the motion to compel on May 9, 2007. Following the phone conference between the attorneys and judge in which the judge indicated he would grant the motion to compel and order Appellants to provide discovery Appellants could have provided discovery. The court issued a standard discovery order to both parties indicating that dismissal was a possible discovery sanction. The court then granted a second motion to compel on May 14, 2007, giving Appellants ten days to comply. Appellee filed a motion to dismiss on June 4, 2007 that went largely unanswered. There were various supplemental responses filed by Appellee, each indicating exactly what Appellants needed to do to comply with the discovery orders but these, too, were ignored. When the hearing on the motion to dismiss was delayed, Appellants continued to withhold discovery during the delay period. Appellants' counsel promised to produce a supplement to the expert's report; it was never delivered. Finally, more than two weeks after the hearing, Appellants still had not complied with some of the simplest and most basic parts of the discovery order (such as submitting a statement of the amount of recovery). It was only then that the trial court filed its judgment entry dismissing the case.
 {¶ 33} It is clear from the record that both the trial court and Appellee were more than generous in allowing Appellants' counsel time and opportunity to comply with the discovery orders, and that counsel willfully ignored those orders in bad faith. The court had substantial reasons for imposing the sanction of dismissal. Based on *Page 11 
all the aforementioned arguments, Appellants' sole assignment of error is overruled, and the judgment of the trial court affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1