DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which granted appellees' motion for sanctions and rendered default judgment against appellants. This sanction was issued in response to the failure of one of the appellants to appear at his duly noticed deposition. For all of the reasons set forth more fully below, this court reverses the judgment of the trial court. *Page 2 
 {¶ 2} Appellants, Reserve Associates Ltd. and Normal Hartsel, set forth the following sole assignment of error:
 {¶ 3} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SANCTIONS AS THE RECORD DOES NOT REFLECT THAT APPELLANT ACTED WILLFULLY OR IN BAD FAITH."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. This case stems from a real estate development joint venture established between the parties. The joint venture was engaged in the business of constructing a new residential subdivision in Perrysburg, Ohio. Poor fiscal performance of the project ultimately led to discontent between the joint venture members. Financial issues and disputes arose such as nonpayment of subcontractors and non-consensual attempts to substitute the original joint venture agreement with a modified version consisting of altered cost allocations and profit/loss provisions.
 {¶ 5} The parties were unable to resolve their differences and on September 3, 2003, appellees Westwind Homes Inc. and Douglas Nostrant, the Westwind principal, filed suit in Wood County Common Pleas Court against Reserve and Hartsel, Reserve's general manager for breach of contract.
 {¶ 6} On September 3, 2004, appellees filed notice to take the depositions of Reserve and Hartsel. The depositions were scheduled for September 16, 2004. Hartsel appeared at the time and place of his deposition. However, Hartsel's deposition did not proceed due to a substitution of the counsel representing Hartsel. On December 27, *Page 3 
2004, appellees filed a second notice of deposition for Hartsel and Reserve. The depositions were scheduled for January 26, 2005. Correspondence to Hartsel notifying him of the deposition was sent solely to Hartsel's Perrysburg address and not copied to his other address in South Carolina.
 {¶ 7} On December 9, 2004, Hartsel's wife passed away in South Carolina. During this time period, Hartsel was spending much time in South Carolina attending to matters connected to the estates of his wife and his son. Hartsel's son had preceded Hartsel's wife in death, also in South Carolina, in a motor vehicle accident occurring approximately one year prior to Mrs. Hartsel's death.
 {¶ 8} On January 24, 2005, Hartsel first learned of the deposition date in Ohio set for January 26, 2005. Hartsel did not appear in Ohio for his deposition. On January 26, 2005, Hartsel's counsel contacted counsel for appellees and advised them that Hartsel was in South Carolina and was unable to timely return to Ohio for his deposition.
 {¶ 9} On February 24, 2005, appellees filed a motion for sanctions against appellants due to Hartsel's failure to appear for his deposition. On March 24, 2005, appellants filed a memorandum in opposition to the motion for sanctions. In support, Hartsel filed an affidavit. The affidavit conveyed the circumstances of his non-appearance, mainly his wife's recent passing requiring him to be in South Carolina to attend to estate matters. *Page 4 
 {¶ 10} On March 31, 2005, the trial court granted appellees' motion for sanctions and entered a default judgment against Reserve and Hartsel. Timely notice of appeal was filed.
 {¶ 11} In appellants' single assignment of error, they contend that the trial court abused its discretion in finding that Hartsel acted willfully in failing to appear at his deposition, granting appellees' motion for sanctions, and entering default judgment against appellants. In support, appellants contend that the record does not establish bad faith or willful conduct on the part of Hartsel in failing to appear for his deposition.
 {¶ 12} It is well established that discovery sanctions lie within the sound discretion of the trial court. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256. See, also, Black v. Pheils, 6th Dist. No. WD-03-045, 2004-Ohio-4270. As such, the applicable standard for appellate court review of a disputed trial court's handling of discovery matters is whether the trial court abused its discretion. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision. Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219.
 {¶ 13} In conjunction with the above applicable standards, we must be mindful that the granting of default judgment is an exceptionally harsh remedy. It should only be imposed when the facts and circumstances of the contested actions are sufficient to establish willfulness or bad faith. Alternative sanctions short of default judgment should receive first consideration. Furcello v. Klammer (1980), 67 Ohio App.2d 156,159. The Eleventh District Court of Appeals has held that a default judgment is an abuse of *Page 5 
discretion in the absence of evidence of willfulness or bad faith underlying the discovery dispute. MacPhereson Meistergram, Inc. v.Penmark Co. (Nov. 17, 2000), 11th Dist. No. 99-T-180.
 {¶ 14} We have carefully scrutinized the record for any clear indicia that Hartsel acted in bad faith in failing to appear at the deposition. Given the unique surrounding circumstances, specifically his presence in South Carolina during the relevant time period attending to matters connected to his wife's passing away a short time prior to the deposition, and no clear evidence that he was aware of the deposition until just prior to its scheduled time and place, we cannot say that his failing to appear in Ohio at the designated time and place, under these circumstances, was done in bad faith.
 {¶ 15} While we are mindful of the competing concern of objectionable discovery tactics designed to delay, rather than facilitate, discovery and the timely resolution of litigation, the record simply does not demonstrate that the deposition failure to appear in this case constituted such a tactic.
 {¶ 16} The record does not establish bad faith by Hartsel in failing to appear at his deposition. Wherefore, we find that default judgment against appellants Reserve and Hartsel, in the absence of a record demonstrating bad faith, to be unreasonable. Under these circumstances, it constituted an abuse of discretion. We find appellants' assignment of error to be well-taken. The judgment of the Wood County Court of Common Pleas is reversed and remanded to the trial court. *Page 6 
 {¶ 17} Appellees are ordered to each pay one-half of the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., concur. *Page 1