JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this accelerated appeal, appellants Jonathan Owens and Anisha Boswell ("plaintiffs") appeal from the trial court's denial of their motion for relief from judgment. They assign the following error for our review:
 "The trial court abused its discretion in not granting the defendant-appellant[sic] relief from judgment."
 {¶ 2} Having reviewed the record and pertinent facts, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.
The apposite facts follow.
 FACTS {¶ 3} On October 29, 2007, Owens and Boswell filed a complaint in the lower court in which they alleged that security guards employed by the Metropolis Night Club ("Metropolis") assaulted them while attempting to break up a fight at the club. Metropolis answered the complaint; on December 7, 2007, Metropolis served the plaintiffs with interrogatories, a request for admissions, and a request for production of documents.
 {¶ 4} On February 7, 2008, after being granted an extension, the plaintiffs responded to Metropolis's discovery requests. The interrogatories, however, according to Metropolis, were not answered sufficiently and none of the requested documents were produced. On February 17, 2008, Metropolis sent a letter to the plaintiffs requesting document production and answers to the *Page 4 
incomplete interrogatories. On February 27, 2008, the plaintiffs failed to respond to the letter; Metropolis again issued a letter with its requests. Metropolis explicitly advised in the letter that non-compliance with its request would result in a motion to compel being filed.
 {¶ 5} On March 7, 2008, the plaintiffs failed to reply; therefore, Metropolis filed a motion to compel. On March 25, 2008, the plaintiffs filed a motion in opposition to the motion to compel. However, the motion was untimely filed because it was filed more than seven days after Metropolis's motion.[1] The motion was also not properly served on Metropolis because it was sent to Metropolis's counsel's old address. On March 26, 2008, the trial court granted Metropolis's motion to compel.
 {¶ 6} On April 11, 2008, Metropolis filed a motion for sanctions, including but not limited to dismissal, because the plaintiffs still had not provided the missing discovery responses. On April 25, 2008, the trial court granted Metropolis's motion and dismissed the case for plaintiffs' failure to comply with the court's March 26, 2008 order compelling discovery.
 {¶ 7} On May 5, 2008, the plaintiffs filed a motion requesting the court reconsider its dismissal of the case. Metropolis's counsel filed a motion to strike the plaintiffs' motion for reconsideration because it was not served with a copy of *Page 5 
the motion in spite of the fact plaintiffs were on notice for past failures to provide service. On May 16, 2008, the trial court granted the motion to strike and denied the motion for reconsideration.
 {¶ 8} On May 28, 2008, the plaintiffs filed a direct appeal from the trial court's April 25, 2008 dismissal of the case; we dismissed the appeal because it was untimely filed.[2] Thereafter, the plaintiffs filed a motion for relief from judgment pursuant to Civ. R. 60(B), in which they raised the same arguments as in their motion for reconsideration and motion in opposition to Metropolis's motion to compel. The trial court denied the motion.
 Motion for Relief from Judgment {¶ 9} The plaintiffs contend the trial court erred by denying their motion for relief from judgment. We agree.
 {¶ 10} In reviewing a Civ. R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.[3] In order to prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, *Page 6 
where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[4] If any of these three requirements is not met, the motion should be overruled.[5]
 {¶ 11} In the instant case, the plaintiffs' motion was timely filed and they had a meritorious claim if relief is granted based on the facts set forth in their complaint. Thus, the issue for us is whether they are entitled to relief under Civ. R. 60(B)(3) or (B)(5).
 {¶ 12} Although the plaintiffs claim relief under (B)(3) was appropriate, we disagree as there is no evidence of misrepresentation or fraud. The plaintiffs contend Metropolis misrepresented to the court that they failed to comply with the motion to compel; however, Metropolis did not receive the responses to the motion to compel because they were contained in the plaintiffs' untimely filed motion in opposition to compel, which was never served upon Metropolis. Once Metropolis became aware of the plaintiffs' attempts to comply, it filed a supplement to its motion for sanctions in which it argued the plaintiffs' attempts to comply were insufficient.
 {¶ 13} However, we conclude that Civ. R. 60(B)(5), "any other reason justifying relief from judgment" constitutes a ground for relief. Civ. R. 60(B)(5) *Page 7 
applies when the interest of justice calls for it."[6] Although one of the possible sanctions for discovery violations is dismissal of the lawsuit, [7] dismissal is a drastic sanction that should be imposed only as a last resort.[8] It is an abuse of discretion to dismiss a case due to discovery violations unless there has been a showing of willfulness, bad faith, or fault.[9] Bad faith has been defined as, "`A dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'"[10]
 {¶ 14} In the instant case, there is no evidence that plaintiffs acted in bad faith in responding to discovery. Plaintiffs did attempt to rectify their noncompliance, once Metropolis filed a motion to comply. Admittedly, plaintiffs' attempts to comply were contained in an untimely motion in opposition to compel; nonetheless, their response indicates a good faith attempt to comply. Therefore, this is not a case where bad faith was at issue. If the court *Page 8 
determined the plaintiffs' attempts to rectify the discovery violation were insufficient, there were less harsh sanctions than dismissal available under Civ. R. 37.
 {¶ 15} We conclude the trial court abused its discretion because a dismissal was too harsh of a sanction for the plaintiffs' discovery violation; thus, the court should have granted the plaintiffs' motion for relief from judgment. Accordingly, the plaintiffs' sole assigned error is sustained.
 {¶ 16} Judgment reversed and remanded for proceedings consistent with this opinion.
It is ordered that appellants recover from appellee their costs herein taxed.
This court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and LARRY A. JONES, J., CONCUR
[1] Loc. R. 11.0(C).
[2] Owens v. Metropolis Night Club (June 18, 2008), Cuyahoga App. No. 91505.
[3] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[4] GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[5] Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
[6] Salem v. Salem (1988), 61 Ohio App.3d 243, 245-246.
[7] Civ. R. 37(B)(2)(c).
[8] Furcello v. Klammer (1980), 67 Ohio App.2d 156.
[9] Toney v. Berkemer (1983), 6 Ohio St.3d 455, syllabus; SocieteInternationale v. Rogers (1958), 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255.
[10] Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, quoting Slater v. Motorists Mut. Ins. Co. (1962), 174 Ohio St. 148, paragraph two of the syllabus.