[Cite as *Carter-Jones Lumber Co. v. JCA Rentals, L.L.C.*, 2013-Ohio-863.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CARTER-JONES LUMBER CO. | ) | CASE NO. 12 MA 56 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JCA RENTALS, LLC | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:           Civil Appeal from the Court of Common
                                    Pleas of Mahoning County, Ohio
                                    Case No. 09 CV 1985

JUDGMENT:                           Affirmed.

APPEARANCES:

For Plaintiff-Appellee:             Atty. Todd A. Harpst
                                    Atty. Katherine S. Knouff
                                    Daily Harpst, Ltd.
                                    2475 Massillon Road
                                    Akron, Ohio  44312

For Defendant-Appellant:            Atty. James E. Lanzo
                                    4126 Youngstown-Poland Road
                                    Youngstown, Ohio  44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                    Dated:  March 8, 2013

[Cite as *Carter-Jones Lumber Co. v. JCA Rentals, L.L.C.*, 2013-Ohio-863.]
WAITE, J.

{¶1} Appellant JCA Rentals, LLC appeals the judgment of the Mahoning County Court of Common Pleas granting default judgment to Appellee Carter-Jones Lumber Co. ("Carter-Jones Lumber"). Appellant contends that it filed a motion for judgment on the pleadings that should have been granted in its favor, but a review of the record reflects no such motion was filed. Appellant filed a motion to quash discovery, not a motion for judgment on the pleadings. Appellant also argues that default judgment should not have been granted because Appellant's counsel was ill during the discovery process. Counsel's illness purportedly led to a variety of lapses in responding to discovery requests, leading to discovery sanctions and ultimately providing the basis for default judgment. The record indicates that counsel failed to promptly notify the court of the illness, and the time period during which counsel was apparently ill does not explain or coincide with many of the deadlines that were missed, the failures to attend hearings, and the failure to even respond to the motion for default judgment itself. Further, the record reveals that Appellant's failure to cooperate in this case was willful, and default judgment is proper for willful refusal to abide by discovery requests and orders. The judgment of the trial court is affirmed.

{¶2} On May 28, 2009, Carter-Jones Lumber filed a complaint against Appellant for fraudulent transfer. The complaint alleged that Appellant was owned or controlled by James M. Clifton, and that Carter-Jones Lumber had obtained a judgment against Clifton on June 28, 2007, for $10,704.15, plus interest. The complaint alleged that the judgment had not been paid. The complaint alleged that Clifton had fraudulently conveyed property to Appellant for no value. In the

complaint, Carter-Jones Lumber sought judgment against Appellant in the same amount as the judgment it had previously obtained against Clifton.

**{¶3}** Appellant filed an answer on July 7, 2009. The answer did not raise any issues of personal or subject matter jurisdiction, or venue.

**{¶4}** Carter-Jones Lumber filed a notice of discovery on August 25, 2009, consisting of Carter-Jones Lumber's first set of interrogatories, first set of request for admissions, and its request for production of documents. Appellant did not reply to the discovery request.

**{¶5}** On September 14, 2009, Carter-Jones Lumber filed a notice to take the deposition of Anita Dintino, an officer or principal of Appellant, on October 22, 2009.

**{¶6}** On October 2, 2009, Appellant filed a "Motion to Quash All Discovery." In the motion, Appellant attempted to raise certain defenses to the action, such as improper venue, lack of nexus between Appellant and Clifton, creditor fraud, res judicata, improper timing of the fraudulent transfer, and unclean hands. Appellant cited no caselaw, and did not explain how any of its arguments created a reason for the court to quash discovery. No mention was made at this time that counsel was suffering from any illness that prevented compliance with discovery. Carter-Jones Lumber filed a memorandum opposing the motion to quash on October 21, 2009.

**{¶7}** On October 5, 2009, Carter-Jones Lumber filed a motion to deem matters admitted, based on the fact that it had requested admissions on August 21, 2009, and that more than 28 days had elapsed without a response. Civ.R. 36(A)

states that a matter is deemed admitted unless an answer or objection is made within 28 days.

**{¶8}** On October 28, 2009, Carter-Jones Lumber filed a motion to compel discovery. The motion noted that Appellant had failed to respond to the prior requests for discovery or the notice of deposition, and that more than 28 days had passed. Appellant did not respond to this motion.

**{¶9}** On January 8, 2010, the court overruled Appellant's motion to quash, and sustained Carter-Jones Lumber's motion to deem matters admitted and motion to compel discovery.

**{¶10}** A status hearing was set for March 4, 2010, but Appellant failed to appear. The court was advised that Appellant still had not answered any interrogatories.

**{¶11}** On March 9, 2010, Carter-Jones Lumber filed a motion for default judgment. Carter-Jones Lumber requested the default judgment as a sanction for Appellant's discovery violations under Civ.R. 37. Civ.R. 37(B)(2)(c) allows the court to grant default judgment as a sanction for violation of discovery rules and orders. The matter was referred to a magistrate.

**{¶12}** On June 7, 2010, Appellant filed a motion to vacate the order of January 8, 2010. Here, for the first time, counsel states that she was incapacitated due to serious illness at or near the time the order was issued. The court denied the motion to vacate on July 8, 2010.

**{¶13}** Also on June 7, 2010, Appellant filed a motion to enlarge the time for discovery, as well as a "Brief in Opposition to Motion for Summary Judgment." The record indicates that no summary judgment motion had yet been filed in this action. In its brief, Appellant attacked the merits of Carter-Jones Lumber's claim, but did not address the issues regarding discovery; neither did Appellant challenge the decision to grant default judgment as a sanction for Appellant's discovery violations. Counsel once again noted that she had been ill. The court denied the motion on July 8, 2010.

**{¶14}** The magistrate granted default judgment to Carter-Jones Lumber on June 24, 2010.

**{¶15}** On July 14, 2010, Appellant filed objections to the magistrate's decision. Counsel argued that she had been ill, that Carter-Jones Lumber never called with a new date for the deposition, and that counsel wrote down the wrong day for the hearing she missed. No law was cited as to why these might constitute legally valid reasons to overturn the magistrate's decision. Carter-Jones Lumber filed a responsive memo on August 4, 2010.

**{¶16}** On July 30, 2010, Appellant's counsel filed a motion to withdraw. In the motion counsel stated that she became ill beginning in November of 2009, that her client had not paid her retainer fee, and that there had been a complete breakdown in the relationship between counsel and client. At this point in the record, various handwritten pro se documents started to appear on behalf of Appellant.

{¶17} On February 22, 2012, the trial court overruled the objections and adopted the magistrate's decision, granting default judgment to Carter-Jones Lumber. This timey appeal followed.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE DEFENDANT-APPELLANTS' MOTION FOR JUDGMENT UPON THE PLEADINGS PURSUANT TO CIVIL RULE 12 (C) ERRONEOUSLY TITLED "MOTION TO QUASH ALL DISCOVERY."

{¶18} Appellant contends that the trial court erred when it failed to grant a motion for judgment on the pleadings in its favor. This argument is baseless, because there is no such motion filed of record.

{¶19} Appellant contends that a motion dated October 2, 2009, captioned "Motion to Quash All Discovery" was, in actuality, a motion for judgment on the pleadings. A court is entitled to rely on the caption of a motion when ruling on it, but also has the discretion to construe the motion based on the contents in the body of the motion, itself. *Downtown Properties Ltd. v. Haddad*, 8th Dist. No. 96023, 2011-Ohio-4117, ¶12. In this case, the trial court reasonably took the motion at face value as a motion to quash based on the caption of the motion.

{¶20} More importantly, there is nothing contained in Appellant's motion to quash that could be construed as seeking a motion for judgment on the pleadings. A motion for judgment on the pleadings pursuant to Civ.R. 12(C) tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d

545, 548, 605 N.E.2d 378 (1992). A party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. This type of motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994).

**{¶21}** In ruling on Civ.R. 12(C) motions, the Ohio Supreme Court has stated:

In applying the Civ.R. 12(C) standard, judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true. (Internal citation omitted.)

*Id.* at 592-593, 635 N.E.2d 26.

**{¶22}** The motion to quash cites no law relevant to judgment on the pleadings. Instead, the body of the motion argues that discovery is being sought in an improper venue, that there is no nexus between Appellant and Mr. Clifton, that Appellant is an innocent bystander in the transaction, that Carter-Jones Lumber is engaging in creditor fraud, that *res judicata* applies, and that the property in question was transferred to Appellant after Carter-Jones Lumber had received its judgment against Clifton. In essence, the motion asserts a number of defenses to suit. While the relief requested was to quash all discovery and also to dismiss the complaint,

nowhere in the motion does Appellant assert that Carter-Jones Lumber can present no set of facts to prove its claim.

**{¶23}** The only arguable point of law that can be gleaned from the motion to quash that may relate to possible dismissal is that the complaint alleges that the fraudulent transfer occurred in 2005, but the debt that Carter-Jones Lumber was attempting to collect arose in 2007. In other words, the alleged fraud occurred before the corresponding debt arose. Appellant appears to assume that one may only attempt to collect on fraudulent transfers that occur after a debt or obligation is incurred. As pointed out by Carter-Jones Lumber though, R.C. 1336.04 allows for a civil action on fraudulent transfers "before or after" the debt that a plaintiff is attempting to collect was incurred: "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred * * *." Therefore, the fact that the debt may have arisen after the fraudulent transfer is not a basis for dismissing the claims at the pleading state of the proceedings.

**{¶24}** Thus, even if the motion to quash could have been construed in any way as a motion for judgment on the pleadings, it should have been denied based on Appellant's own reference to facts outside the pleadings, the lack of any legal theory why judgment on the pleadings should have been granted, and Appellant's incorrect legal theory regarding the filing of the alleged fraudulent transfer. Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE AS A DISCOVERY SANCTION.

**{¶25}** Appellant believes that the granting of default judgment in this case was an abuse of discretion by the trial court. Appellant contends that its counsel was seriously ill, and that a court abuses its discretion in dismissing a case due to the illness of the party's counsel. Appellant argues that default judgment as a discovery sanction is only available when the party's failure to comply with discovery is due to willfulness, bad faith, or any fault of the party.

**{¶26}** Appellant is correct that even though dismissal is permitted as a sanction under Civ.R. 37, it is a harsh sanction that should only be granted as a last resort. We have held that:

One of the possible sanctions for discovery violations is dismissal of the lawsuit. Civ.R. 37(B)(2)(c). Dismissal is a drastic sanction that should be imposed only as a last resort. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 426 N.E.2d 187. It is an abuse of discretion to dismiss a case due to discovery violations unless there has been a showing of willfulness, bad faith, or fault. *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458, 453 N.E.2d 700; *Societe Internationale v. Rogers* (1958), 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255.

*Monigold v. Gossman*, 7th Dist. No. 07 CO 41, 2008-Ohio-6213, ¶26.

**{¶27}** In this case, though, the willfulness, bad faith, and fault of both counsel and client are apparent from the record. Counsel claims that she was ill starting in November of 2009, even though the intransigence regarding discovery began months earlier. Carter-Jones Lumber's notice of discovery was filed on August 25, 2009. Appellant failed to respond. Carter-Jones Lumber filed a notice of deposition on September 14, 2009. Counsel filed no objection or even response to any aspect of discovery within the required 28 days. *See* Civ.R. 33(A)(3), 34(B)(1), and 36(A)(1). Counsel was apparently well enough to file the motion to quash discovery on October 2, 2009. No mention of any illness appears on or before this date. Carter-Jones Lumber filed a motion to compel discovery on October 28, 2010, prior to the time counsel claims to have become ill, but counsel filed no response to the motion. It was not until many months after the trial court ruled in favor of Carter-Jones Lumber on each of its motions that counsel was finally inclined to report to the court that she had been previously ill. This claim simply does not explain the numerous failures to respond to the various motions and orders in this case related to discovery.

**{¶28}** It is apparent from the record that Appellant and its counsel were at odds with one another, that Appellant had not paid for counsel's services, and that counsel wanted to withdraw based on her inability to get along with Appellant. Counsel's belated claim to have taken ill only partially explains counsel's failure to respond to discovery requests and discovery orders in this case. This record certainly does not indicate any abuse of discretion or reversible error in granting

default judgment when reports of counsel's illness only arose long after many of the discovery violations had already taken place. Appellant's second assignment of error is overruled.

{¶29} There is no reversible error indicated in this appeal. The trial court construed Appellant's motion filed on October 2, 2009, as a motion to quash discovery based on both the heading and the content of the motion, and the court was not required to construe it as a motion for judgment on the pleadings. Even if the motion could have been interpreted as a Civ.R. 12(C) motion for judgment on the pleadings, it was properly denied. Finally, the trial court acted within its discretion in granting default judgment to Carter-Jones Lumber as a discovery sanction against Appellant when Appellant and its counsel appear to have committed the discovery violations willfully and with fault, based on this record. Although counsel may have been seriously ill during part of the litigation, the timing of the illness does not explain the discovery violations. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.